U. S. 40, 57–59, 25 S. Ct. 291, 49 L. Ed. 655, 3 Ann. Cas. 520.

■ It is a settled principle of equity that there is an implied condition,' where none is expressed in the will, that one who accepts a benefit thereunder shall adopt the whole, conforming to all its provisions and renouncing every right inconsistent with it. Ditch v. Sennott, 117 Ill. 362, 7 N. E. 636–638; Shutt's Adm'r v. Shutt's Adm'r, 192 Ky. 98, 232 S. W. 405, 411; Waggoner v. Waggoner, 111 Va. 325, 68 S. E. 990, 30 L. R. A. (N. S.) 644; Penn v. Gugenheimer, 76 Va. 839; In re Moore's Estate, 62 Cal. App. 265, 216 P. 981, 983; Lytle v. Wade, 129 Kan. 671, 284 P. 411, 414; 40 Cyc. 1895.

The above principles are based on the equitable maxim that he who seeks equity must do equity. Accordingly, one who accepts a benefit under a will must recognize the equitable rights of the other beneficiaries thereunder. Pomeroy's Equity Jurisprudence (4th Ed.) §§ 462–465.

Counsel for plaintiff contend that this is a question of local law and that the principles above stated do not obtain in Oklahoma, and cite Fox v. Fox, 117 Okl. 46, 245 P. 641, as announcing the rule in Oklahoma. In that case the plaintiff did not receive or accept any benefits under the will. The question arose whether, on the pleadings, he had elected to take in part under the will. The court held that he had not so elected. It announced nothing contrary to the principles above stated. Furthermore in Garrett Company et al. v. Collins, 103 Okl. 153, 229 P. 569, the court held that it is a maxim of equity not to permit the same person to hold both under and against a will, and cited with approval Utermehle v. Norment, supra.

■ The question arises as to whether this doctrine of election should be applied to the real estate and bank stock not specifically devised or bequeathed. It may be urged with some degree of logic that because of such contract such real estate and bank stock in equity did not fall within the residuary clause. However, Sugg, after making such contract, with full knowledge that he was fatally ill, failed to change his will to conform thereto. He retained legal title to such property. He died leaving a will which gave plaintiff a specific bequest, gave another a specific legacy of a portion of the property included in such contract, and contained a residuary clause under which the legal title to the remainder of such property passed to the residuary legatees and devisees.

Sugg's action indicated he did not intend plaintiff should take under such contract. We are of the opinion that under such circumstances the condition should be implied and that plaintiff was called upon to renounce her legacy under the will and insist on such contract, or waive such contract and accept the legacy.

Plaintiff with full knowledge of the provisions of the will elected to take and retain the legacy of $5000. We conclude that she is now estopped to assert a cause of action for specific performance of such contract which will take away from Dougherty and the residuary legatees and devisees such bank stock and real estate, and thus prevent portions of the will from being fully carried out and effectuated.

We conclude that the decree was right. and it is accordingly affirmed.

■

In re FRIEDAL CORPORATION.

H. J. BUTLER & BRO., Inc., v. IRVING TRUST CO.

No. 23.

Circuit Court of Appeals, Second Circuit. Oct. 19, 1931.

The following is the opinion of District Judge Caffey in the court below:

There is a single issue. It is very narrow. Very little of the proof, perhaps less than 5 per cent., is material.

The question turns on New York law. Accordingly, the decisions of the courts of that state should govern.

The property involved, correctly described by metes and bounds in paragraph 1 of the referee's findings of fact (hereinafter called the correct description), was at the time of the transactions with which we are concerned known by the numbers 833, 834, 835, and 836 Fifth avenue (hereinafter called the correct street numbers). The contract (Trustee's Exhibit 2), under which was furnished the material for which a lien is claimed, used the same four street numbers.

The notice of lien (Claimant's Exhibit 3) described the property as "on the East side of Fifth Ave., 75 feet * * * North of 64th Street, being 110 feet and —— inches wide, front and rear by 120 feet and —— inches deep on each side, and known by the Number 833 Fifth Ave."

Actually the metes and bounds description in the notice covers a portion of the property (as correctly described), but also embraces a substantial addition not included in the property (as correctly described). Moreover, while the street number given (833) is one of the four numbers as at the time they existed and were employed in the contract (Trustee's Exhibit 2), yet that number did not apply to and was wholly outside of the plot covered by the metes and bounds description. The consequences are that (1) for part of the property, if correctly described, the notice gives no street number; (2) the notice description includes a substantial area which is no part of the property as correctly described; and (3) for so much of the correctly described property as corresponds to the street number used, the notice contains no description by metes and bounds or otherwise.

The Lien Law (chapter 33 of the Consolidated Laws of New York) prescribes, in subdivision 7 of section 9, that: "The notice of lien shall state: * * * The property subject to the lien, with a description thereof sufficient for identification; and if in a city or village, its location by street and number, if known."

If the claimant was entitled to a lien, it attached to the whole of the property correctly described and with the correct street numbers; to the property as an entirety mentioned in paragraph 1 of the referee's findings of fact and designated by street numbers as 833–6 Fifth avenue. The requirement of the statute is that the notice "shall state" two things, namely, (1) "a description" of "the property," and (2) "its location by street and number." While section 23 directs liberal construction and provides that substantial compliance shall be sufficient, yet obedience to section 23 cannot be carried to the extent of nullifying the affirmative requirements in section 9 as to the contents of the lien notice. Section 9 creates conditions precedent to enforcement of the lien. Failure to meet both or either of them forfeits any right to a lien.

It must not be overlooked that if claimant has a lien it is upon the whole of the property having the street designation 833–6 Fifth avenue and having the description set out in referee's finding 1. It is enough that in the notice the lienor select one description, among the possible descriptions or forms of description, which will enable the owner or another lienor to identify the subject-matter of the claim of lien and furnish a street number which will enable the owner or another lienor to locate the property; but it is not enough unless the notice meet both requirements. Here, however, the lienor did not comply with either requirement. The description omits a portion of the premises to which the lien might have attached. It includes land to which it could not possibly attach. It gives only one of four separate street numbers actually applicable. To increase the confusion, the metes and bounds description fits no part of the property which the street number fits. Manifestly,

therefore, there has been no compliance whatever with the statute, either substantial or otherwise, and liberal construction can afford no assistance.

I agree with the referee that this result is sustained by Storch v. Marginal Realty Corp., 109 Misc. Rep. 669, 180 N. Y. S. 611. It would be a departure from the law of New York, as there declared, to reach any other result. In that case the description by metes and bounds, as well as the street number given, were each correct to the extent that they were precise in application to the western half of the plot covered by a single building to which the lien would attach upon proper notice, but entirely ignored the eastern half of the plot. The facts in that case were much more favorable to a lien than are those in the case at bar. Here, at best, the street number related to one portion of the plot and the metes and bounds description to another portion of the plot. Here the street number given was only one of four numbers applicable, whereas the metes and bounds description not only included a considerable area not embraced in land subject to the lien, but did not correspond in any respect to the street number given. In the Storch Case, at page 679 of 109 Misc. Rep., 180 N. Y. S. 611, 617, Judge Lehman pointed out the utter impossibility under the description there of any apportionment of the amount secured by lien to or against the part of the property which was correctly described in the notice and that this impossibility was fatal to enforcement of a lien. In the case at bar, the situation is worse for the lien claimant; the description employed in the notice is so far defective that not alone would it be impossible to make an apportionment, such as Judge Lehman deems requisite, but with respect to the part of the land for which a street number is furnished, there is no metes and bounds description or any other description and with respect to the portion for which, by the utmost stretch of liberality, it can be said that there is a description in the notice, no street number is given.

The result in the case at bar is also in complete accord with Hurley v. Tucker, 128 App. Div. 580, 112 N. Y. S. 980, 983. In that case there was precise compliance with the statutory requirements as to the contents of the notice. The description was "the stable in the course of erection, located upon the lots and parcels of land * * * known and designated as" certain specified street numbers, which were correct. It would have been perfectly impossible for any one acquainted with the locality to mistake the plot to which such a description applied. In consequence, the notice wholly fulfilled the requirements of subdivision 7 of section 9, in that it correctly gave both "description" and "street and number."

The notice of lien was filed February 1, 1930. At some time the property formerly designated by the four street numbers (833–6) was redesignated by one of them (834). When the redesignation occurred does not appear. It might have been subsequent to February 1, 1930. If so, plainly it is immaterial. As one who asserts the lien has the burden of proof (Brandt v. City of New York, 110 App. Div. 396, 97 N. Y. S. 280, affirmed 186 N. Y. 599, 79 N. E. 1101), in order for claimant to get any benefit from employment of a single new street address, it would have been necessary for him to show that this was established preceding February 1. Moreover, claimant can get no advantage from this change, because the street number he employed in the notice was 833, which under the redesignation was erroneous.

Referee's order affirmed.

Siegeltuch, Butler & Kraft, of New York City (Myron Butler, of New York City, of counsel), for appellant.

Zalkin & Cohen, of New York City (Israel Akselrod, of New York City, of counsel), for trustee-appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

PER CURIAM.

Order affirmed on opinion of Caffey, Judge below.

**DAYTON WRIGHT AIRPLANE CO. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 5680.

Circuit Court of Appeals, Sixth Circuit.

Nov. 11, 1931.